UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| **RICHARD HOGAN, an individual;** | ) CASE NO: 3:18-cv-1460 |
| | ) |
| **Plaintiff,** | ) JUDGE: |
| | ) |
| vs. | ) COMPLAINT FOR VIOLATION OF: |
| | ) |
| **PLEASANT VALLEY HOSPITAL, INC.** | ) ERISA SECTION 502(a)(1)(B) |
| **EMPLOYEE BENEFIT PLAN, an** | ) |
| **Employee Welfare Benefit Plan; SUN LIFE** | ) [29 USCS 1132(a)(1)(B)] |
| **ASSURANCE COMPANY OF CANADA, a** | ) [29 USCS 1132(g)] |
| foreign Corporation; and DOES 1 through | ) |
| 5, inclusive, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

Plaintiff, Richard Hogan ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Wythe County, Virginia. He was an employee of Pleasant Valley Hospital, Inc. By virtue of his employment, he qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Pleasant Valley Hospital, Inc. Employee Benefit Plan is an employee welfare benefit plan, organized and existing under the laws of West Virginia and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Sun Life Assurance Company of Canada ("Sun Life") is a foreign corporation with its United States headquarters in Massachusetts and doing business in the Southern District of West Virginia.

4. The true names and capacities of the Defendants sued herein as Does 1 through 5, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when and if they are ascertained.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).

6. Pleasant Valley Hospital, Inc. adopted an employee benefit plan titled Pleasant Valley Hospital, Inc. Employee Benefit Plan. The Plan was at all material times a duly organized, existing and qualified plan. A copy of the Plan is attached hereto as *Exhibit A* and incorporated herein by reference.

7. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9. The Plan provided for the payment of disability benefits in the event a Plan participant became disabled.

10. According to the terms of the Plan, as reflected in the May 1, 2017 denial letter, disability is defined in the following ways:

> ***Total Disability or Totally Disabled*** *means during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation. After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to be Totally Disabled if he is unable to perform with reasonable continuity any Gainful Occupation for which he is or becomes reasonable qualified by education, training or experience.*
>
> *The loss of a professional or occupational license or the inability to obtain or qualify for a license for any reason does not, in itself, constitute Total Disability.*
>
> *To qualify for benefits, the Employee must satisfy the Elimination Period with the required number of days of Total Disability, Partial Disability or a combination of days of Total and Partial Disability.*
>
> ***Own Occupation*** *means the usual and customary employment, business, trade, profession or vocation that the Employee performed as it is generally recognized in the national economy immediately prior to the first date Total or Partial Disability began. Own Occupation is not limited to the job or position the Employee performed for the Employer or performed at any specific location.*

11. Plaintiff filed his claim with Defendant, Sun Life on or about June 10, 2016.

12. The claim was approved by Defendant, Sun Life on July 29, 2016.

13. Plaintiff was approved for Social Security Disability benefits on November 13, 2016, with the first month he was entitled to benefits being September 2016. The Social Security Administration determined that Plaintiff's date of disability was March 23, 2016.

3

14. By letter dated May 1, 2017, Defendant, Sun Life denied Plaintiff additional long term disability ("LTD") benefits.

15. Plaintiff retained Underwood Law Offices, and a timely appeal of this May 1, 2017 denial of additional LTD benefits was faxed to Sun Life on November 27, 2017.

16. By letter dated, January 19, 2018, Defendant, Sun Life reaffirmed its decision to deny Plaintiff additional LTD benefits.

17. This denial letter dated January 19, 2018, exhausted all available administrative remedies for the Plaintiff's Long Term Disability claim.

18. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

  a. The opinions of his treating physicians, *Exhibit B*; and

  b. A Functional Capacity Evaluation, which is attached hereto as *Exhibit C*; and

  c. The Notice of Award from the Social Security Administration, which is attached hereto as *Exhibit D*.

19. Notwithstanding Defendants' review, the Plaintiff is disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for the Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

20. The Court has *de novo* authority to review the decision of the Plan.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants Pleasant Valley Hospital, Inc. Employee Benefit Plan, Sun Life Assurance Company of Canada and DOES 1 through 5, inclusive.)**

21.    The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20, inclusive.

22.    The Plaintiff is due rights and benefits under the terms of the Plan.

23.    The Defendants denied the Plaintiff the rights and benefits due under the Plan.

24.    The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

25.    As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

26.    As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1.    Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2.    Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

5

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

DATED: 20-11-2018

                                 **UNDERWOOD LAW OFFICES**

By: _____
J. Patrick L. Stephens, WVSB#10262
**Counsel for Plaintiff**
**Richard Hogan**
**923 Third Avenue**
**Huntington, WV 25701**
**Telephone: (304) 522-0508**
**Facsimile: (972) 292-7828**
**Email: pstephens@underwoodlawoffices.com**